ESTATE OF AUGUSTA R. NEUSTADT, DECEASED.

[No. 6,608; decided August 16, 1884.]

Administrator's Sale—Release of Bidder.—If a bidder at a private sale by an administrator states that she has not had time to examine the title because of the shortness of the notice, and does not wish to be bound unless the title is good, to which the administrator assents, she should be released from her bid when her counsel advises against the title, whether or not his view of the law is correct.

This was an application by the administrator to confirm a private sale of realty returned by him. The application was opposed by the purchaser.

Wm. H. Sharp, for administrator.

Gunnison & Booth, for purchaser, opposing.

COFFEY, J. As suggested at the hearing, the only ground which the court deems it necessary to consider is: Whether the purchaser, who now seeks to be excused, was misled, inadvertently or otherwise, into making her bid. She

sets up in her opposition "that at the time of the delivery of said bid to said administrator she stated that by reason of the short time of said notice she had not time to examine the title to said property, and for that reason did not wish to be bound by the bid if the title thereto was not good," to which proposition she avers the administrator assented; the administrator joins issue upon this allegation.

If the bidder had been granted sufficient time, or if she had not been induced to make the bid by reason of the promise of the administrator that she would have ample time to examine title, she would not have made the offer, acting upon her attorney's advice as to condition of title.

It is immaterial, in my judgment, to consider the soundness of this advice, unnecessary for me to adjudicate upon the attorney's accuracy of judgment; enough to know the purchaser's conduct would have been influenced thereby. Did the administrator mislead her? Not intentionally, perhaps, but the evidence seems to show that the required opportunity of examination was not accorded to her; if it had been she would have acted differently from what she did, so she testifies; and whether her counsel's view of the law be sound or unsound, it was the motive to her act, and excuses her from the performance of a purchase predicated upon a promise that she should have time for full examination.

Upon the evidence as to this point, and upon no other ground, is the opposition sustained.

---

Purchasers at an Administrator's Sale are usually subject to the maxim of caveat emptor, and the deed can contain no warranty of title: Towner v. Rodegeb, 33 Wash. 153, 99 Am. St. Rep. 936, 74 Pac. 50; Miller v. Gray, 136 Cal. 261, 68 Pac. 770.